**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| HAROLD C. BISSOON, JR., | ) | Cr. ID. No. 1212011142 |
| | ) | |
| Defendant. | ) | |

Submitted: January 12, 2018
Decided: March 8, 2018

Upon Commissioner's Report and Recommendation that Defendant's Third
Motion for Postconviction Relief Should Be Summarily Dismissed

**ADOPTED**

**ORDER**

This 8th day of March, 2018, the Court has considered the Commissioner's

Report and Recommendation, Defendant's Motion for Postconviction Relief,

Defendant's objections to the Commissioner's Report and Recommendations, and

the relevant proceedings below.

On October 12, 2017 Defendant Harold C. Bissoon filed this *pro se* motion

for postconviction relief. The motion was referred to a Superior Court

Commissioner in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal

Rule 62 for proposed findings of fact and conclusions of law. The Commissioner

issued the Report and Recommendation on January 3, 2018. The Commissioner

1

recommended that Defendant's Motion for Postconviction Relief be summarily dismissed.

"Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[1] Bissoon filed written objections on January 12, 2018. Upon review, the Court finds that the Defendant fails to meet the pleading standard of Superior Court Criminal Rule 61(d)(2).

This is Bissoon's fourth motion for postconviction relief. "In second or subsequent postconviction motions, the motion shall be summarily dismissed unless the defendant establishes: 1) that new evidence exists that creates a strong inference that he is actually innocent of the charge for which he was convicted, or 2) the existence of a new rule of constitutional law made retroactive to cases on collateral review rendered his convictions invalid."[2] "If it plainly appears from the motion for postconviction relief that the movant is not entitled to relief, the Court may enter an order for its summary dismissal and cause the movant to be notified."[3]

Bissoon fails to state any new evidence or new rule of constitutional law in support of his motion, raising only generally stated arguments already adjudicated

---

[1] Super. Ct. Crim. R. 62(a)(5)(ii).
[2] Super. Ct. Crim. R. 61(d)(2) & (5); Rule 61(i).
[3] Super. Ct. Crim. R. 61(d)(5).

in his first two postconviction motions. It was therefore proper for the Commissioner to recommend summary dismissal.

In his objection to the Commissioner's report, Bissoon's sole novel argument is that the Commissioner applied the wrong Rule 61 standard to conclude that his motion is procedurally barred. Bissoon argues that because he entered his guilty plea in 2013, Rule 61's 2014 amendment is not applicable to this motion, and the Court should analyze his claim under the old Rule 61(i)(5).

Though he entered his guilty plea in 2013, Bissoon filed this motion for postconviction relief on October 12, 2017. The Order Amending Rule 61 states that the "amendment shall be effective on June 4, 2014 and shall apply to postconviction motions filed on or after that date."[4] Therefore, the current version of Rule 61(d)(2) cited by the Commissioner provides the proper means of analyzing this motion.

The Court holds that the Commissioner's Report and Recommendations dated January 3, 2018 should be adopted for the reasons set forth therein. The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.[5]

---

[4] Order Amending Super. Ct. Crim. R. 61; *see also Cannon v. State*, 127 A.3d 1164, 1167 (Del. 2015) (applying Rule 61's June 4, 2014 amendment to a 2015 postconviction motion despite the defendant's 2001 conviction).
[5] Super. Ct. Crim. R. 62(a)(4)(iv).

3

**THEREFORE,** after careful and *de novo* review of the record in this action, the Court hereby adopts the Commissioner's Report and Recommendation in its entirety.  Defendant's Motion for Postconviction Relief is hereby **DENIED.**

**IT IS SO ORDERED.**

_____

The Honorable Mary M. Johnston

4